UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**IN ADMIRALTY**

IN THE MATTER OF:

THE COMPLAINT OF ANDREA C.
JENKINS, as Personal Representative
of the Estate of John Joseph Jenkins II,
deceased, as Owner of a 2019 Yamaha
Vessel, Florida Registration Number          CASE No.: 3:20-cv-1129-J-32MCR
FL8395SK, its engines, tackle, apparel,
appurtenances, etc. for Exoneration
from or Limitation of Liability,

      Petitioner.

_____/

## ORDER

    **THIS CAUSE** is before the Court on the Motion for Entry of Order

Approving Ad Interim Stipulation and Issuing Monition and Injunction ("Motion")

(Doc. 7), filed by Petitioner on December 4, 2020.  Upon consideration, the

Motion is due to be **GRANTED**.

    Petitioner, Andrea C. Jenkins, filed a Complaint for Exoneration from or

Limitation of Liability under 46 U.S.C. §§ 30501 *et seq.* and Supplemental Rule

F of the Federal Rules of Civil Procedure, as Personal Representative of the

Estate of John Joseph Jenkins II, deceased, as owner of a 2019 Yamaha

Vessel, Florida Registration Number FL8395SK, its engines, tackle, apparel,

appurtenances, etc. (the "Vessel"), seeking exoneration from or limitation of

liability, and also contesting liability independently of the limitation of liability claim, for any loss, damage, personal injury or destruction of property or other occurrences arising from an incident, which occurred on or about August 24, 2019, in the navigable waters of the Intercoastal Waterway ("ICW"), north of the Vilano Bridge in St. Augustine, Florida, when the Vessel collided with a 2019 Sea Doo Vessel, Georgia Registration Number GA3800HL, thereby allegedly causing injuries to Jeffrey Janes and Chance Gipson and damage to both vessels.  (Doc. 1.)  The Complaint alleges that a suit has been commenced against Petitioner by Claimants, Jeffrey Janes and Chance Gipson, in the Fourth Judicial Circuit in and for Duval County, Florida, with respect to the incident described in the Complaint.  (*Id.* at ¶¶ 3, 15.)

The Complaint further alleges that the post-casualty value of the Vessel is approximately $14,000.00.  (*Id.* at ¶ 14.)  Petitioner and Progressive American Insurance Company (hereafter "Surety") filed an Ad Interim Stipulation for Value in the sum of $14,000.00, to serve as security for the value of Petitioner's interest in the Vessel, plus pending freight, if any, with interest at the rate of six percent per annum, as required by Supplemental Rule F(1).  (Doc. 2.)  Petitioner and Surety also filed a Stipulation for Costs in the sum of $250.00 as required by Supplemental Rule F(1).  (Doc. 3.)

Petitioner now moves for entry of an order approving the Ad Interim Stipulation for Value, directing issuance of a monition, and restraining

prosecution of claims in accordance with Supplemental Rules F (3) and (4), Federal Rules of Civil Procedure.  After careful consideration, and pursuant to Supplemental Rule F, the Motion (**Doc. 7**) is **GRANTED** and the Court orders as follows:

1.      The Stipulation for Costs of $250.00 and the Ad Interim Stipulation for Value of Petitioner's interest in the Vessel in the amount of $14,000.00, its pending freight, if any, and interest thereon at the rate of six percent (6%) per annum from the date hereof, with Petitioner being subject to such increases and decreases in the amount of such Ad Interim Stipulation, together with adequate surety, as the Court may from time to time order according to the rules and practices of this Court, are hereby **APPROVED**.

2.      Any party, including Petitioner, may apply to have the amount of said Ad Interim Stipulation increased or decreased, as the case may be, on the filing of the report of the Commissioner, if any, appointed to appraise the amount or value of Petitioner's interest in the Vessel or upon the ultimate determination by the Court on exceptions to the Commissioner's report, if any.

3.      If the amount of said Ad Interim Stipulation is not contested by any claimant herein, said Ad Interim Stipulation shall stand as a stipulation for value and an appraisal by a Commissioner will not be required.

4.      The Clerk of Court shall issue a notice of monition, which advises and admonishes all persons or corporations claiming any loss, destruction,

damage or injury caused by or resulting from the August 24, 2019 incident recited in the Complaint, to file their respective claims with the Clerk of Court, United States District Court for the Middle District of Florida, 300 North Hogan Street, Jacksonville, Florida 32202, **on or before February 8, 2021,** and to serve on Petitioner's attorneys, David F. Pope and Eric C. Thiel of Banker Lopez Gassler P.A., 501 East Kennedy Boulevard, Suite 1700, Tampa, Florida 33602, a copy thereof, or be defaulted; and if any claimant desires to contest Petitioner's right to exoneration from or limitation of liability, the claimant shall file and serve on Petitioner's attorneys an answer to the Complaint, **on or before February 8, 2021**, unless said claim included an answer to the Complaint so designated, or be defaulted.

5.      The aforesaid notice, in the form required by Supplemental Rule F, shall be published by Petitioner in an approved newspaper once a week for four consecutive weeks in the St. Augustine Record prior to the date fixed for the filing of claims in accordance with Supplemental Rule F, and that not later than the second weekly publication, a copy of said notice shall be mailed by Petitioner to every person or corporation known to have made a claim against Petitioner or the Vessel arising out of the incident set forth in the Complaint.

6.      Except this action, the commencement or further prosecution of any action or proceeding against Petitioner, the Vessel, or any other property of Petitioner, with respect to any claims for which Petitioner seeks exoneration

from or limitation of liability herein, including any claim arising out of or incident to or connected with any loss, damage, injury, or destruction, more fully described in the Complaint, is hereby **STAYED, ENJOINED AND RESTRAINED** until the final determination of this proceeding or further order of this Court.

7.      Service of this Order as a restraining order may be made by delivery of a certified copy of this Order to the United States Marshal for service on the person or persons to be restrained, or to their respective attorneys, or alternatively, by mailing a conformed copy of it to the person or persons to be restrained.

**DONE AND ORDERED** at Jacksonville, Florida on December 10, 2020.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record